IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

DERRICK W. CURRY #131053     DOCKET NO.

- VS. -

                 06-111-FJP-DLD

                 MAGISTRATE JUDGE

RICHARD STALDER, Secretary
and BURL CAIN, Warden     DISTRICT JUDGE

## PETITION FOR WRIT OF HABEAS CORPUS

MAY IT PLEASE THIS HONORABLE COURT:

    NOW INTO COURT comes, Petitioner, DERRICK W. CURRY #131053, in propria persona, who respectfully moves this Honorable Court for an issuance of a Writ of Habeas Corpus.

## PARTIES

    1. Petitioner, DERRICK W. CURRY #131053 is an inmate under the custody of the Louisiana Department of Public Safety and Corrections who is housed at the Louisiana State Penitentiary.

    2. Respondent, RICHARD STALDER, is the Secretary of the Louisiana Department of Public Safety and Corrections.

    3. Respondent, BURL CAIN, is the Warden of the Louisiana State Penitentiary.

- I -

## FACTUAL AND PROCEDURAL HISTORY

4. On October 20, 2002, Sgt. William Davidson filed a disciplinary report against Petitioner for the violation of Rule #3-Defiance which states as follows:

"On the above date and approximate time, I, Sgt. Davidson, informed inmate Derrick Curry that he was being placed in Adm. Seg. for a previous violation of Rule #5-Aggravated Disobedience. At that time Inmate Curry became loud and aggressive with me and put his finger in my face. Lt. Reed who was on the unit than restrained inmate Curry. And Lt. Reed and Lt. Thomas escorted inmate Curry off the unit." (See Exhibit "A").

5. Petitioner was then sent to Administrative Segregation.

6. Petitioner was not provided a copy of the disciplinary report.

7. On October 22, 2002, Petitioner appeared before the Disciplinary Board.

8. Petitioner was found guilty of violating Rule #3-Defiance.

9. The Disciplinary Board than imposed a sentence of 30 days cell confinement and 180 days loss of good time.

-2-

10. Petitioner timely filed an appeal to Respondent, BURL CAIN.

11. Petitioner's disciplinary appeal was assigned appeal number: LSP-2002-13464-W.

12. Respondent CAIN denied Petitioner's appeal on January 17, 2003.

13. Petitioner timely appealed the decision to Respondent STALDER.

14. Respondent STALDER denied Petitioner's appeal on March 11, 2003.

15. Petitioner has exhausted all available state remedies.

16. Petitioner is actually innocent of violating Rule #3 - Defiance.

## CLAIMS FOR RELIEF

I. PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT PROVIDED A WRITTEN COPY OF HIS DISCIPLINARY REPORT WITHIN TWENTY-FOUR HOURS PRIOR TO HIS APPEARACE BEFORE THE DISCIPLINARY BOARD.

II. PETITIONER WAS DENIED DUE PROCESS OF LAW WHERE THERE WAS NO EVIDENCE PRODUCED AT HIS HEARING BEFORE THE DISCIPLINARY BOARD THAT HE VIOLATED RULE #3 - DEFIANCE.

-3-

III. PETITIONER WAS DENIED HIS LIBERTY INTEREST WHERE HE WAS SENTENCED TO 30 DAYS CELL CONFINEMENT AND 180 DAYS LOSS OF GOOD TIME WHERE THERE WAS NO EVIDENCE PRODUCED AT HIS HEARING BEFORE THE DISCIPLINARY BOARD THAT HE VIOLATED RULE #3-DEFIANCE.

IV. PETITIONER WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT WHERE THE SENTENCE IMPOSED UPON HIM WAS DISPROPORTIONATE TO THE OFFENDER AND THE OFFENSE.

## ARGUMENT

### CLAIM NO. I

Petitioner respectfully contends that he was denied due process of law where he was not provided a written copy of his disciplinary report within twenty-four hours prior to his appearance before the Disciplinary.

The disciplinary report filed by Sgt. William Davidson for the violation of Rule #3-Defiance indicates that Petitioner was not present when the report was filed. However, it also indicates that a copy of the disciplinary report was given to petitioner.

A copy of the disciplinary report was never given to Petitioner prior to his appearance before the Disciplinary

-4-

Board.

Pursuant to established disciplinary procedures and Court decisions, Petitioner has a right to be provided a written copy of the disciplinary report within twenty-four hours prior to appearing before the Disciplinary Board.

It is therefore Petitioner's contention that he was denied due process of law when he was not provided a written copy of his disciplinary report within twenty-four hours prior to appearing before the Disciplinary Board.

### CLAIM NO. II

Petitioner respectfully contends that he was denied due process of law where there was no evidence produced at his hearing before the Disciplinary Board that he violated Rule #3 - Defiance.

Pursuant to the DISCIPLINARY RULES AND PROCEDURES FOR ADULT INMATES (2000 Ed.) on page 15-16, Defiance is defined as follows:

"No inmate shall commit or threaten physically or verbally to commit bodily harm upon an employee, visiter, guest or their families. This includes throwing or attempting to throw any object, liquid, or substance or spitting, or attempting

-5-

to spit on an employee, visitor, guest or their families. No inmate shall threaten an employee, visitor, guest or their families in any manner; however, an inmate may advise an employee of planned legal redress even during a confrontational situation (although an inmate's behavior in such a situation shall not be disrespectful or violate any other disciplinary rule.) No inmate shall obstruct or resist an employee who is performing his proper duties. No inmate shall try to intimidate an employee to make the employee do as the inmate wants him to do. An employee, visitor, guest or their families shall not be subjected to abusive conversation, correspondence, phone calls, or gestures. La. R.S 15:571.4 and Department Regulation No. B-04-005 "Forfeiture of Good Time from Inmates who Escape or Commit Battery on an Employee" may provide for forfeiture of good time in addition to the provision of these procedures."

Sgt. William Davidson states in his report against Petitioner that Petitioner became "loud and aggressive" and that Petitioner put his finger in his face.

-6-

Being "loud and aggressive" does not constitute the violation of Rule #3 - Defiance. Furthermore, if Petitioner did point his finger in Sgt. Davidson's face, that does not constitute the violation of Rule #3 - Defiance where Petitioner did not physically touch him or threaten him.

Absolutely no evidence was produced before the Disciplinary Board that the Petitioner violated Rule #3 - Defiance.

It is therefore Petitioner's contention that he was denied due process of law where there was no evidence produced at his Disciplinary Board hearing that he violated Rule #3 - Defiance.

## CLAIM NO. III

Petitioner respectfully contends that he was denied his liberty interest where he was sentenced to 30 days cell confinement and 180 days loss of good time where there was no evidence produced at his hearing before the Disciplinary Board that he violated Rule #3 - Defiance.

Before an inmate can be sentenced to either cell confinement or loss of good time, he must first be found guilty of violating a disciplinary rule.

-7-

Petitioner has a liberty interest to be free from cell confinement and loss of good time until he is found guilty of violating a disciplinary rule.

The Disciplinary Board found Petitioner guilty of violating Rule #3-Defiance. However, there is no evidence that Petitioner had violated Rule #3-Defiance.

Petitioner's release date was adjusted from November 20, 2006, to February 18, 2007 when the Disciplinary Board imposed the 180 days loss of good time.

Petitioner did not curse Sgt. Davidson, threaten him, or physically touch him at any time. The disciplinary report filed by Sgt. Davidson does not constitute the violation of Rule #3-Defiance.

It is therefore Petitioner's contention that he was denied his liberty interest when he was sentenced to 30 days cell confinement and 180 days loss of good time where there was no evidence produced before the Disciplinary Board that Petitioner violated Rule #3-Defiance.

## CLAIM NO. IV

Petitioner respectfully contends that he was subjected to cruel and unusual punishment where the sentence imposed upon him was disproportionate to him and the offense.

-8-

Petitioner was sentenced to 30 days cell confinement and 180 days loss of good time after he was found guilty of violating Rule # 3 - Defiance.

Petitioner's release date was changed from November 29, 2005 to February 15, 2007 after the sentence of 180 days was imposed upon him.

Petitioner could have received a number of penalties as listed on page 12 of the DISCIPLINARY RULES AND PROCEDURES FOR ADULT INMATES (2000 Edition). In this case, Petitioner received the maximum sentence for each penalty imposed upon him.

In State v. Curry, 593 So.2d 860 (La. App. 2 Cir. 1992), the court found that the sentence of 60 years for the crime of armed robbery was constitutionally excessive. This was a criminal case; however, this principle should also apply in an administrative case.

Petitioner points out that if this court finds that "some evidence" or "any evidence" supports the charged offense, Petitioner respectfully contends that this was not the most serious violation of the charged offense.

It is therefore Petitioner's contention that he was subjected to cruel and unusual punishment where the sentence imposed upon him was disproportionate to the offender and the offense.

-9-

## CONCLUSION

WHEREFORE, Petitioner respectfully prays that this Court grant the following relief:

A. That Respondents be required to appear and answer the allegations of this petition;

B. That this Court reverse petitioner's conviction for the violation of Rule #3 - Defiance;

C. That this Court expunge the disciplinary report from Petitioner's institutional records;

D. That this Court restore Petitioner's good time credit;

E. That this Court issue a Writ of Habeas Corpus;

F. That this Court grant an evidentiary hearing; and

G. That this Court grant Petitioner such other and further relief as it may deem just and proper.

Respectfully Submitted,
s/ Derrick W. Curry #131053
DERRICK W. CURRY #131053
CAMP J, GATOR 4-L-13
LOUISIANA STATE PENITENTIARY
ANGOLA, LA. 70712

I declare under the penalty of perjury that the foregoing Petition for Writ of Habeas Corpus is true and correct. Executed on this 6th day of February, 2006.

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## DISCIPLINARY REPORT

**INSTITUTION:** LSP

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Derrick Curry | 131053 | 10/20/02 | 10:50p |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| Walnut Blk 1 | 0-6 | Walnut 2 Dorm |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| Defiance | #3 |

**10. Description of Incident:** On above date and approximate time I Sgt Davidson informed Inmate Derrick Curry #131053 that he was being placed in Adm Seg for a previous violation of rules Aggravated Disobedience. At that time Inmate Curry became loud and aggressive with me and put his hands on my chest. I called for a restraint I.D. and Lt Reed and Lt Thomas escorted Inmate Curry to AW1 from there.

**11. Inmate Placed in Adm Seg:** ☒ Yes  ☐ No

| 12. Signature of reporting employee | 13. Name, Title, Assignment (Print) |
|---|---|
| Sgt Davidson | Sgt White, Davidson Walnut 1 |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above inmate by | 17. Inmate's Signature |
|---|---|---|---|
| 10/20/02 | 11:30p | RB | Refused to sign |

**18. Plea by Inmate:** ☐ Not Guilty  ☒ Guilty   **19. Verdict:** ☐ Not Guilty  ☒ Guilty

| 20. Date of Hearing | 21. Counsel Substitute DOC# |
|---|---|
| 10/22/02 | Butler 124959 |

**22. Motions:**

**23. Reasons for Disposition:**
- ☒ Report is clear and precise
- ☐ Lack of a credible defense/little or no defense
- ☐ Based on his statement
- ☐ The officer's version is determined to be more credible than the inmate's
- ☒ Pled guilty/accepted guilty plea
- ☐ Only defense is denying contents of report
- ☐ The inmate presented no evidence to refute the charges
- ☐ The investigative officer's testimony was deemed more truthful and accurate than the inmates
- ☐ Plea bargain
- ☐ The inmate's demeanor led the board to believe that the inmate's testimony was untrue
- ☒ Other

**24. Reasons for Sentence:**
- ☐ Seriousness of offense
- ☐ The need to protect the institution, employees or other
- ☐ Poor Conduct record. A total of ___ rule violation(s) A total of ___ Schedule B violations since ___
- A total of ___ # ___ rule violations since ___
- ☐ Other

**25. Sentence:** ___ Suspended ___ Days / Imposed ___

**26. Sentence:** ___ Suspended ___ Days / Imposed ___

EXHIBIT "A"

**27. DISCIPLINARY BOARD**
Cost may be imposed for any property loss, damage, or medical expense occasioned through the fault of an inmate who in so causing the loss, damage, or medical expenses; also is found guilty through the disciplinary process of violating one or more of the rules set out in the Disciplinary Rules and Procedures for Adult Inmates

CHAIRMAN (DISCIPLINARY OFFICER)

MEMBER