Derrick Curry #131053
Camp J, Gator 4-L-13
Louisiana State Penitentiary
Angola, La. 70712

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED   FEB 10 2006
CLERK

Richard T. Martin
Clerk of Court
Middle District of Louisiana
777 Florida Street, Suite 139
Baton Rouge, La 70801-1712

February 3, 2006

CV06-111-FJP-DLD

RE: DERRICK W. CURRY v. RICHARD STALDER, Et. AL.

Dear Honorable Martin,

    Please find enclosed a copy of Exhibits "A-E." These Exhibits goes with the Petition for Writ of Habeas Corpus I filed in this Court on January 30, 2006. Please include these Exhibits with my Petition for Writ of Habeas Corpus.

    Also, please provide me with a copy of this Court's local rules.

    Thank you in advance for your time and service.

DLD

I remain,
Derrick Curry

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## DISCIPLINARY REPORT

**INSTITUTION:** LSP

| 1. Name of Inmate | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Derrick Curry | 131053 | 2/12/04 | 3:00 pm |

| 5. Place of Incident | 6. Job Assignment (Inmate) | 7. Housing Assignment (Inmate) |
|---|---|---|
| Raven 4 | Line 28 | Raven 4 Right |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| General Prohibited Behaviors | 30 W |

**10. Description of Incident:** On the above date and time I Capt. Thomas recieved some correspondance from investigations who identified the above named and numbered inmate as the writer. The letter contained threats and strong arming of another inmate.

**11. Inmate Placed in Adm. Seg.** ☒ Yes ☐ No

**12. Signature of reporting employee:** Capt. Willie R. Thomas

**13. Name, Title, Assignment (Print):** WILLIE R. THOMAS CAPT. Camp D/4

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above inmate by: | 17. Inmate's Signature: |
|---|---|---|---|
| 2/16/04 | 3:30 pm | (illegible) | Refused to sign (Capt Quinn) |

**18. Plea by Inmate:** ☒ Not Guilty ☐ Guilty
**19. Verdict:** ☐ Not Guilty ☒ Guilty

**20. Date of Hearing:** 2-17-04
**21. Counsel Substitute:** Hinton
**22. Motions:**

**23. Reasons for Disposition:**
- ☒ Report is clear and precise
- ☐ Lack of a credible defense/little or no defense
- ☐ Based on his statement
- ☒ The officer's version is determined to be more credible than the inmate's
- ☐ Pled guilty/accepted guilty plea
- ☐ Only defense is denying contents of report
- ☐ The inmate presented no evidence to refute the charges
- ☐ The Investigative officer's testimony was deemed more truthful and accurate than the inmates
- ☐ Plea bargain
- ☐ The inmate's demeanor led the board to believe that the inmate's testimony was untrue
- ☐ Other

**24. Reasons for Sentence:**
- ☒ Seriousness of offense
- ☐ The need to protect the institution, employees, or other
- ☐ Poor Conduct record A total of ___ rule violation(s) A total of ___ Schedule B violations since ___
- A total of ___ rule violations since ___
- ☐ Other

**25. Sentence:** Transfer to Camp-J Eff. ☒ Imposed
**26. Sentence:** 10 Days - loss G+4 Not imposed (cannot take good time)

**27. DISCIPLINARY BOARD:**
Cost may be imposed for any property loss, damage, or medical expense occasioned through the fault of an inmate who in so causing the loss, damage, or medical expenses also is found guilty through the disciplinary process of violating one or more of the rules set out in the Disciplinary Rules and Procedures for Adult Inmates.

CHAIRMAN (DISCIPLINARY OFFICER)
MEMBER

EXHIBIT "A"

# Louisiana State Penitentiary



Kathleen Babineaux Blanco
Governor

Burl Cain C.C.E.
Warden

Richard L. Stalder
Secretary

R4R

| | |
|---|---|
| TO: | JAMIE FELDER<br>ASSISTANT WARDEN |
| FROM: | CAPTAIN ELI WILSON<br>INVESTIGATIVE SERVICES |
| DATE: | FEBRUARY 13, 2004 |
| RE: | REFERRAL<br>INMATE DEMARCUS WESTLEY #456977<br>INMATE STANLEY HAGGRAY #334876<br>INMATE DERRICK CURRY #131053 |
| CASE#: | AIS-04-B-0239 |

On February 12, 2004, Investigative Services received two anonymous letters from the LSP mailroom that were mailed from Camp D to inmates Damarcus Westley #456977 and Stanley Haggray #334876, who are housed in Camp D Hawk unit. It appears that the same person wrote both letters. In inmate Haggray's letter, the writer alluded to a fight that he and Haggray had approximately 4 years ago on Raven Unit. Capt. Wilson reviewed inmate Haggray's Master Prison Record and found that inmate Derrick Curry #131053 had been on inmate Haggray's enemy list for a fight on 03-10-2000. A review of inmate Curry's Master Prison Record indicated that on 03-10-2000; he (Curry) was involved in a fight with inmate Haggray on Raven 3/4 unit. We reviewed handwriting samples of documents from inmate Curry's Master Prison Records and the anonymous letters. It appears that inmate Curry is the author of the letters sent to inmates Haggray and Westley.

These letters are being provided to you for your information and handling.

Eli Wilson    Lt Cl Ald
Captain Eli Wilson
Investigative Services

cc: Deputy Warden Darryl Vannoy
Deputy Warden Leslie Dupont
Assistant Warden Out Camp Warden David Bonnette
File

EXHIBIT "B"

LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA

DECISION REGARDING APPEAL OF DISCIPLINARY ACTION

APPEAL NUMBER. LSP-2004-14757-W

| | |
|---|---|
| INMATE'S NAME: | 131053  DERRICK CURRY |
| HOUSING ASSIGNMENT. | D RAV 4/R   C TIG 2/R 0 |
| DATE OF REPORT. | 02/12/2004 |
| DATE OF HEARING | 02/17/2004 |
| ORIGINAL CHARGE: | RULE #30-W, GENERAL PROHIBITED BEHAVIOR |
| PLEA: | NOT GUILTY |
| CHARGE FOUND GUILTY OF | RULE #30-W, GENERAL PROHIBITED BEHAVIOR |
| SENTENCE: | QUARTERS CHANGE TO J EXT L/D |
| | IMPOSED OR SUSPENDED: IMPOSED |
| DATE OF APPEAL DECISION: | 03/11/2004 |
| DECISION | DENIED |

========================================================================

Appellant was issued a disciplinary report on 2/12/2004 for violation of Rule #30-W, General Prohibited Behavior for which he was provided a hearing by the Disciplinary Board on 2/17/2004, found guilty, and sentenced to a quarters change from Camp D Raven (maximum custody) to Camp J Extended Lockdown and the loss of 30 days good time. The forfeiture of good time was deleted administratively by the Legal Programs Department since forfeiture of good time is not an applicable sanction for a violation of Rule #30-W.

Appellant argues on appeal that his rights were violated when he did not receive a copy of the disciplinary report 24 hours prior to the hearing; that the imposition of forfeiture of good time is not an applicable penalty, that the anonymous letters should have been introduced and read into the record; that an investigation should have been conducted; and that the sentence imposed is excessive and unduly harsh.

All of Appellant's arguments are without merit with the exception of the argument regarding the forfeiture of good time. However, the forfeiture of good time was deleted from the report on an administrative basis by the Legal Programs Department. Since no good time was forfeited, the argument regarding the forfeiture of good time is moot. The record reflects that Appellant was issued a copy of the disciplinary report although he refused to sign for it. This constitutes sufficient evidence to support the conclusion that he received proper notice of the charges against him. A copy of the Investigative staff's report, which includes the anonymous letters, was made part of the record. No further investigation was warranted in this case. The remaining sanction of a quarters change from Camp D Raven (maximum custody working cellblock) to Camp J Extended Lockdown (maximum custody) is not excessive or unduly harsh.

The issues raised by Appellant in this matter have been reviewed and found to be without merit. Appellant was provided a due process hearing by the Disciplinary Board. The decision of the Disciplinary Board is deemed appropriate. Appellant has presented nothing which would justify reversal or modification of the decision rendered through the disciplinary proceedings. The appeal is denied.

*[signature]*
Burl Cain
Warden

BC/DR

EXHIBIT "C"

LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA

DECISION REGARDING APPEAL OF DISCIPLINARY ACTION

APPEAL NUMBER: LSP-2004-14757-W    (PAGE 2)

INMATE'S NAME              131053    DERRICK CURRY
HOUSING ASSIGNMENT.        D PAV 4/E    C TIG 2/R 0
(DECISION CONTINUED FROM PAGE 1)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**INSTRUCTIONS TO INMATE:** This decision constitutes the final administrative decision of the agency. The Secretary will only consider appeals from decisions which resulted in the imposed or suspended sentences of one or more of the following penalties: (1) Isolation; (2) Failure to earn good time, (3) custody change from minimum to medium if it involves a transfer to another institution; (4) Custody change from minimum or medium to maximum custody; and (5) restitution. Since none of these penalties were imposed, you may not appeal this decision to the Secretary. If you are dissatisfied with this decision, you may request judicial review in the Nineteenth Judicial District Court within 30 days of receipt of this decision.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EXHIBIT "C"

| DERRICK W. CURRY | * NO. 519,651 - SECTION: 26 |
|---|---|
| | * 19TH JUDICIAL DISTRICT COURT |
| vs. | * PARISH OF EAST BATON ROUGE |
| BURL CAIN, WARDEN | * STATE OF LOUISIANA |

### COMMISSIONER'S RECOMMENDATION

The petitioner filed the instant request for review of his appeal filed under Disciplinary Board Appeal No. LSP-2004-14757-W. The defendants filed the disciplinary appeal record in this matter. The parties were ordered to file briefs in this matter. The record indicates no briefs were filed by the parties and this Commissioner finds this matter can be adjudicated based on the administrative record filed by the defendants.

The incident report contained in this matter evidences the petitioner was found guilty of a violation of Rule No. 30-W General Prohibited Behavior based on allegations the petitioner wrote a threatening letter to another inmate. Although the record from the petitioner's disciplinary hearing indicates the petitioner was sentenced to a change of housing assignment and a loss of thirty days good time, the loss of good time was voided by the disciplinary board's subsequent initial imposition of sentence. The Warden's decision contained in the record filed in this matter indicates the only penalty imposed in this matter was a quarters change.

Initially this Commissioner notes that the only penalty actually imposed in this matter was a change of housing assignment and the record does not indicate the petitioner lost any good time as a result of his disciplinary conviction. R.S. 15:1177 (A) (9) only authorizes this Court to intervene in the decision render by the Department of Corrections if the petitioner's substantial rights had been violated. The petitioner has no constitutional or substantial right to any particular housing classification. *Sandin v. Conner* 115 S. Ct. 2293 (1995). The petitioner has failed to demonstrate that the change of housing assignment

EXHIBIT "D"

1

constitutes an atypical deprivation of a substantial right. While the matter could be dismissed based on the failure to allege a violation of substantial right, this Commissioner additionally finds the Court lacks subject matter jurisdiction over the instant matter.

This Commissioner finds the administrative record indicates the petitioner did not pursue an appeal to the Secretary and has failed to exhaust his available administrative remedies in this matter. This Court lacks subject matter jurisdiction to review this matter as the petitioner has failed to exhaust administrative remedies prior to seeking judicial review in this Court. *Hull v. Stalder* 808 So2d 829 (La. App. 1st Cir. 2002). Accordingly, it is the finding of this Commissioner that this matter should be dismissed on a lack of subject matter jurisdiction.

It is the recommendation of this Commissioner that the Court grant an exception of lack of subject matter jurisdiction, raised on the Court's own motion, dismissing this matter without prejudice at petitioner's costs.

Respectfully recommended this _9th_ day of _Feb._, 2005.

JOHN M. SMART, JR.
COMMISSIONER, SECTION "B"
19TH JUDICIAL DISTRICT COURT

FILED
FEB 9 2005
DEPUTY CLERK OF COURT

ON THIS DAY A COPY OF
EN REASONS / JUDGMENT /
COMMISSIONER'S RECOMMENDATION WAS
ED BY ME WITH SUFFICIENT POSTAGE AFFIXED TO:
All parties
DONE AND SIGNED ON __2-9-05__
PUTY CLERK OF COURT

2

EXHIBIT "D"

| DERRICK W. CURRY | NUMBER: 519,651, SECTION: 26 |
|---|---|
| VS. | 19TH JUDICIAL DISTRICT COURT |
| | PARISH OF EAST BATON ROUGE |
| BURL CAIN, WARDEN | STATE OF LOUISIANA |

## JUDGMENT

This matter came on for final adjudication by this Court. After a careful *de novo* consideration of the entire record herein, together with, any traversal timely filed and the Court adopting as reasons, the Commissioner's Report filed herein,

**IT IS ORDERED, ADJUDGED AND DECREED**, that judgment is rendered dismissing this matter based on a finding that this Court lacks subject matter jurisdiction, raised on the Court's own motion, dismissing this matter without prejudice and at Petitioner's cost.

**READ, RENDERED AND SIGNED**, this 14 day of April, 2005 at Baton Rouge, Louisiana.

_____
KAY BATES,
JUDGE, DIVISION M
NINETEENTH JUDICIAL DISTRICT COURT

**FILED**

APR 14 2005

_____
DY CLERK OF COURT

I HEREBY CERTIFY THAT ON THIS DAY A COPY OF
THE WRITTEN REASONS / JUDGMENT /
ORDER / COMMISSIONER'S RECOMMENDATION I WAS
MAILED BY ME WITH SUFFICIENT POSTAGE AFFIXED TO:
all parties
DONE AND SIGNED ON 4-14-05
_____
DEPUTY CLERK OF COURT

EXHIBIT "E"

19th JUDICIAL DISTRICT COURT